United States District Court for the District of Arizona

Mary Shahadi
4802 N. 19th Ave, B249
Phoenix, AZ 85015
Phone: 484-523-6274
Plaintiff, pro se

FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 1 2 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

v.

Navy Federal Credit Union,
Defendant.

Case No. (Assigned by Clerk)
CV25-
___

**CV25-03363-PHX-DMF**

COMPLAINT

(FDCPA, FCRA, Privacy Breach, Spoliation of Evidence, Negligence, and Emotional Distress)

___

I. Jurisdiction and Venue
    1.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings claims under federal law, including the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681.
    2.    Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for Plaintiff's related state law claims.
    3.    Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this District and the events giving rise to these claims occurred here.

___

II. Parties
    4.    Plaintiff Mary Shahadi is a resident of Phoenix, Arizona.
    5.    Defendant Navy Federal Credit Union ("NFCU") is a federally chartered credit union headquartered in Vienna, Virginia, doing business nationwide, including in Arizona.

___

III. Statement of Facts
    6.    Plaintiff formerly maintained accounts and lines of credit with Defendant Navy Federal Credit Union.
    7.    Beginning in 2024, Plaintiff disputed various credit card accounts and requested full accounting records and IRS 1099-C cancellation forms.
    8.    Instead of producing accurate records, Defendant mailed to Plaintiff confidential financial and legal records of another NFCU member, including documents authored by that member's retained counsel. These records contained highly sensitive personal identifiers and privileged attorney–client communications.
    9.    This disclosure constitutes a serious breach of privacy and negligence, exposing Plaintiff to liability for handling information she never should have received.
    10.    Plaintiff provided notice to Defendant and offered to resolve the matter in good faith through settlement. Defendant failed to respond.
    11.    Defendant has continued to send Plaintiff collection letters offering to "settle" disputed debts, despite failing to validate the debts or provide the requested accounting.
    12.    On September 12, 2025, when Plaintiff accessed Defendant's mobile application to retrieve her internal communications, she discovered that all of her prior account messages had been deleted.

13.    These deleted communications included Plaintiff's disputes, settlement offers, and requests for accounting.

14.    Plaintiff alleges this deletion constitutes spoliation of evidence and was done in bad faith to obstruct Plaintiff's claims.

15.    Plaintiff has suffered ongoing emotional distress, inability to access her accounts properly, reputational harm due to inaccurate credit reporting, and financial injury caused by Defendant's conduct.

—

## IV. Causes of Action

### Count I — Violations of the FDCPA (15 U.S.C. § 1692)
16. Defendant attempted to collect disputed debts without validation, sent improper settlement offers, and engaged in deceptive and unfair practices.

### Count II — Violations of the FCRA (15 U.S.C. § 1681)
17. Defendant reported false information to credit bureaus and failed to correct inaccuracies despite Plaintiff's disputes.

### Count III — Negligence / Privacy Breach
18. Defendant negligently disclosed to Plaintiff the confidential financial and legal dispute records of another member, including attorney—client privileged materials, in violation of reasonable duties of care.

### Count IV — Spoliation of Evidence / Obstruction
19. Defendant deleted Plaintiff's internal account communications from its online platform after litigation was reasonably foreseeable, constituting spoliation of evidence.

### Count V — Intentional Infliction of Emotional Distress
20. Defendant's conduct was extreme and outrageous, including privacy breaches, debt harassment, and obstruction, causing Plaintiff severe anxiety and emotional harm.

—

## V. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:
a. Enter judgment against Defendant Navy Federal Credit Union;
b. Award compensatory damages for financial injury, reputational harm, and emotional distress;
c. Award punitive damages for privacy breach and spoliation of evidence;
d. Order Defendant to restore Plaintiff's internal communications and produce full account histories and IRS 1099-C forms;
e. Order Defendant to correct Plaintiff's credit reporting;
f. Award costs, fees, and any other relief this Court deems just.

—

## VI. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

—

Respectfully submitted,

Date: September 12, 2025

Mary Shahadi
Plaintiff, pro se

### Final Demand Letter to Navy Federal Credit Union – Legal Notice Before Filing Suit

**Date:** January 21, 2025
**From:**
Mary Shahadi
4802 N. 19th Ave., Apartment B249
Phoenix, AZ 85015
ms.maryshahadi@gmail.com
Phone: 484-523-6274

**To:**
**Navy Federal Credit Union – Legal Department**
820 Follin Lane SE
Vienna, VA 22180

### Subject: FINAL DEMAND – LEGAL NOTICE OF NON-RESPONSE AND NOTICE OF INTENT TO SEEK JUDGMENT

**To Whom It May Concern,**

This serves as a **final legal notice** to Navy Federal Credit Union regarding its **failure to respond** to my prior formal demands for resolution and compliance with federal law. **This letter is not a request for resolution—it is a final demand before I initiate a federal lawsuit against Navy Federal.**

## 1. Basis for Legal Action

Navy Federal has **deliberately failed** to respond to my formal written notice demanding compliance with **federal banking and consumer protection laws**. This letter serves as **final notice** that I will proceed to seek **legal judgment** against Navy Federal in federal court under the following violations:

### A. Violations of the Fair Credit Reporting Act (FCRA) – 15 U.S.C. § 1681

1. **Failure to Update Credit Reporting After Formal Dispute**

- Navy Federal **failed to report my account as disputed**, violating **15 U.S.C. § 1681s-2(b)**.

- Instead of complying, Navy Federal **stopped reporting the account altogether**, which constitutes further **non-compliance**.

2. **Unlawful Negative Credit Reporting and Collection Activity**

- Despite **official notice of billing errors and disputes**, Navy Federal **continued collection activity**, violating my rights under the FCRA.

## B. Violations of the Truth in Lending Act (TILA) – 15 U.S.C. § 1637

1. **Failure to Provide a True Bill and Full Ledger**

- I have **requested full billing records** multiple times, and Navy Federal has failed to provide a **complete and accurate ledger** of all transactions, as required by **TILA (15 U.S.C. § 1637)**.

## C. Violations of the Gramm-Leach-Bliley Act (GLBA) – 15 U.S.C. § 6801

1. **Breach of Financial Privacy – Sending Another Customer's Information**

- I received **another NFCU member's sensitive financial information** in error, which is a **serious breach of privacy laws**.

## D. Breach of Contract and Fraudulent Misrepresentation

1. **Misrepresentation of Account Status and Fraudulent Collection**

- I was **not notified that my account had been closed in February 2024**, yet Navy Federal **continued to take payments and demand settlement without disclosing this information**.

- This **deceptive and misleading practice** constitutes fraud under federal and state laws.

## E. Failure to Respond to Formal Legal Notice

- As of **January 21, 2025**, Navy Federal has **failed to respond** to my prior written demand.

- Under contract law and administrative process, **a failure to respond is an admission of liability**.

## 2. Final Demand Before Legal Action

Since Navy Federal has refused to engage in good faith, **I am now seeking full judgment. To avoid federal court litigation**, I demand:

✔ **Immediate cancellation and removal of all credit lines associated with my name.**
✔ **Transfer of my life insurance policy to my trust, with Navy Federal relinquishing all interest.**
✔ **Immediate compensation for damages and restitution of all funds wrongfully applied to my account.**
✔ **Full release of any security interests Navy Federal has placed on my financial records.**

**DEADLINE:** You have **72 hours from receipt of this notice** to comply with my demands.

## 3. Consequences of Non-Compliance

If Navy Federal does not comply with my final demand within **72 hours**, I will proceed with the following:
✔ **Filing a federal lawsuit** in the U.S. District Court for the District of Arizona.
✔ **Seeking full legal judgment**, including statutory damages under FCRA, TILA, GLBA, and breach of contract claims.
✔ **Filing additional regulatory complaints** with the CFPB, FTC, and NCUA to launch a federal investigation into Navy Federal's banking practices.

## 4. Notice of Intent to File Suit

This notice serves as **formal warning** that a **legal complaint is being prepared and will be filed** if Navy Federal does not act within the 72-hour deadline.

**THIS IS NOT A REQUEST—IT IS A FINAL LEGAL DEMAND.**

I **strongly suggest** that this matter be escalated to Navy Federal's **corporate legal team immediately,** as non-compliance will result in **significant financial penalties and legal consequences** for Navy Federal Credit Union.

Sincerely,
**Mary Shahadi**
4802 N. 19th Ave., Apartment B249
Phoenix, AZ 85015
ms.maryshahadi@gmail.com Phone: 484-523-6274

(Page 1 of 1)



*PERSONAL AND*
*CONFIDENTIAL*

*November 06, 2024*

~~NAVY~~ FEDERAL CR UNION
P O BOX 3600
MERRIFIELD VA 22116

**Client Name:** ~~redacted~~
**Social Security No:** ~~redacted~~
**Date of Birth:** ~~redacted~~
**Address:** 65 ~~redacted~~
Millington ~~redacted~~
**Matter No.:** ~~redacted~~94
**Creditor Account Number:** ~~redacted~~

### RE.: DEMAND TO CEASE AND DESIST FURTHER COMMUNICATIONS

To Whom It May Concern:

My law firm represents ~~redacted~~ in connection with the above-referenced account.

I am writing to inform you that my client disputes the alleged debt and your reporting of the above-referenced account with the credit bureaus. My client believes that you are reporting false information to the credit bureaus. As a professional courtesy, I am sending this letter to try and resolve this matter before protracted and expensive litigation. On behalf of my client, I hereby DEMAND that you provide true and accurate copies of all the documentation used to confirm the accuracy of the information you are reporting to the credit bureaus. **Additionally, I respectfully request that you provide me with the following: 1. the amount of the debt; 2. the name of the creditor to whom the debt is owed; 3. verification or copy of any judgment (if applicable); 4. proof that you are licensed to collect debts in the appropriate jurisdiction; 5. proof of the last payment made on the account. Accordingly, if you have already reported this debt to any credit- reporting agency (CRA) or Credit Bureau (CB), then you must immediately inform them of my dispute with this debt.**

Additionally, I hereby demand, once again, that you **CEASE AND DESIST** all further communications with my client and direct all communication regarding this account to me. If your office continues to communicate with our client, other than to validate the debt, same will be considered harassment and only serve to increase the total liability to statutory damages that we will pursue against you. In addition, if I do not hear from you in 30 days, I will presume that you are unable to justify the information being reported to the credit bureaus and are therefore violating the Fair Credit Reporting Act. If necessary, we are prepared to initiate litigation in the corresponding federal district.

Respectfully,
/s/ ~~Kelly~~
~~redacted~~,
President & Attorney for Client





**NAVY FEDERAL** ®
**Credit Union**



In reply refer to:

11/26/24

~~JOHN~~ ~~CHANGE~~

C/O CREDO LEGAL SERVICES, PA
PO BOX 105562
ATLANTA GA 30348-5562

Dear Member(s):

We have received your letter regarding your above-referenced account. We confirm that this debt is a valid debt. The outstanding balance on your account is $168.95.

Please find enclosed the following documents verifying the disputed debt:

- Statement of Account dated 09/22/24
- Statement of Account dated 10/22/24
- Statement of Account dated 11/22/24
- NAVCHECK OVERDRAFT PROTECTION/LINE OF CREDIT AGREEMENT AND DISCLOSURE

If, however, you have concerns about the information in your credit bureau report (i.e., "CBR dispute"), please submit those concerns to us in writing. Your letter must include all of the following items so we can investigate your dispute:

- A detailed description of the item and why you feel it is inaccurate
- The date of the disputed item
- The full Navy Federal account number in question
- A copy of the single bureau credit report (from Equifax, Experian, or TransUnion) that reflects the disputed item.
- Any documentation you have that supports your position

Without this information, we are unable to investigate your dispute. Please resend your CBR dispute with all of the aforementioned information to Navy Federal Credit Union, PO Box 3700, Merrifield, VA 22119-3700.

Alternatively, you may send your dispute to any of the credit bureaus directly. Once the dispute is filed, the credit bureau will electronically transmit all necessary information to us so we can work jointly to investigate and respond to your concern.

Page 1 of 2

PO Box 3000  Merrifield VA  22119-3000

(Page 1 of 2)

## NAVCHEK OVERDRAFT PROTECTION/LINE OF CREDIT AGREEMENT AND DISCLOSURE



**NAVY FEDERAL** Credit Union®

| INSTRUCTIONS TO MEMBER |
|---|
| • DO NOT ALTER THIS LOAN AGREEMENT. Notify us if any change is necessary. |
| • VERIFY BELOW - Name and Address - NAVchek Overdraft Protection/LOC No. - Open-end Loan Amount. |
| • COMPLETE SIGNATURES WHERE INDICATED ☞ BELOW. |

Navy Federal Credit Union® is identified in this document as 'NFCU' or 'We' and the Member and any cosigner will be identified as 'Borrower' or 'I'.

Borrower's Name and Address



 TN

**COSIGNER INFORMATION:**

NAVchek Overdraft Protection/LOC No.

Date 11/10/2009

**ANNUAL PERCENTAGE RATE:**
14.900 %

| Open-end Loan Amount | Open-end Loan Amount |
|---|---|
| TWO THOUSAND DOLLARS AND NO CENTS | $ 2,000.00 |

1. The Borrower accepts a NAVchek open-end loan approved by NFCU and until default occurs, as defined on the reverse side, or until terminated by NFCU as provided in paragraphs 7.c. and 7.d. below, the Borrower may access said loan (1) by negotiating a NAVchek, (2) by negotiating a check which exceeds the available funds in the checking account or (3) by initiating other types of transactions on the checking account for which check funds are not available. The Borrower agrees not to exceed the NAVchek open-end loan amount stated above and to repay all amounts borrowed in accordance with the terms of this agreement, with a **FINANCE CHARGE** computed by applying the single daily **PERIODIC RATE** of .04082% to the loan balance outstanding, which is an **ANNUAL PERCENTAGE RATE** of 14.900%.

2. I hereby authorize use of this NAVchek open-end loan privilege by the joint owner (if any) of my checking account.

3. I understand that this NAVchek Overdraft Protection/Line of Credit does not alter or replace my Checking Agreement except as follows: (a) NAVchek is hereby authorized to pay a check which exceeds the share balance in my checking account by advancing credit from my NAVchek Overdraft Protection/Line of Credit in the amount required to clear the overdraft. (b) If funds which are needed to pay a check are not available in either my checking account or NAVchek Overdraft Protection/Line of Credit, NFCU is authorized to pay a check by transferring the amount of the resulting overdraft from my share savings. Preauthorized, telephone or automatic transfers from share savings to cover overdrafts cannot exceed six in number per calendar month, per federal-regulation. (c) NFCU is also-authorized to refuse any check which exceeds the funds available in my checking, share savings or NAVchek Overdraft Protection/Line of Credit. A fee (as published in NFCU's current *Schedule of Fees and Charges*) will be assessed on your checking account for each refused check.

4. I authorize NFCU to pay individual NAVcheks by advancing credit from my NAVchek Overdraft Protection/Line of Credit and understand the following conditions: (a) All negotiated NAVcheks will be paid **only** from funds available in my NAVchek Overdraft Protection/Line of Credit. Each negotiated NAVchek will be charged to the NAVchek Overdraft Protection/Line of Credit as of the date of receipt by NFCU. NFCU will not be responsible for checks that are postdated if they are paid before the date of the instrument. Also, NFCU is under no obligation to pay or refuse payment of a NAVchek on which the date is more than six months old. (b) NFCU is authorized to refuse any NAVchek which exceeds the funds available in the NAVchek Overdraft Protection/Line of Credit. A fee (as published in NFCU's current *Schedule of Fees and Charges*) will be assessed on my checking account for each refused check. (c) NFCU may, at its option, pay a NAVchek which exceeds the available line of credit balance. My NAVchek Overdraft Protection/Line of Credit will be subject to an overlimit fee ($10.00 or the current amount published in NFCU's *Schedule of Fees and Charges*) if, at any time, my credit limit is exceeded as a result of payment of a NAVchek. Also, I agree to pay the amount by which the credit limit is exceeded immediately. (d) Except for negligence, NFCU is not liable for any action it takes regarding the payment or nonpayment of a NAVchek.

5. I agree that for those months in which a NAVchek balance exists, I will make the required payment indicated on the monthly periodic statement by the payment due date. The minimum monthly payment will be the greater of (1) 2% of the "Total Outstanding Balance" shown on the monthly periodic statement or (2) $20.00. However, the Total Outstanding Balance will be due when it is less than $20.00.

6. If the Borrower fails to forward the required payment amount in time to insure that the funds are received by NFCU on or before the payment due date, NFCU is authorized to automatically deduct the payment amount due from the Borrower's checking account on the payment due date. If funds are not available in the checking account, NFCU is authorized to cover the payment by transfer of funds from the Borrower's share saving account subject to Federal Reserve Board Regulation D transfer limitations.

7. I further agree that: (a) Any default by the Borrower under any of the terms or provisions of any other agreement between the Borrower and NFCU, whether existing now or in the future, shall constitute a default under all agreements. Upon default, the balance due under this agreement, plus any interest and fees, shall become immediately payable without further notice to the Borrower at the option of NFCU. If the amount due is not paid immediately, NFCU shall have the right to take such action as is available to it under the law. In the event of default, all reasonable costs of collection, including but not limited to, court costs, expenses and reasonable attorneys fees, shall be paid by the Borrower. (b) NFCU may change the terms of this agreement upon forwarding written notice of the change to the undersigned at the address shown on the credit union's records at least 15 days prior to the date the change becomes effective. The new terms will apply both to future loan advances and to the loan balance outstanding on the NAVchek Line of Overdraft Protection/Line of Credit. However, NFCU may reduce the various fees or charges without notice to you. (c) NFCU may terminate this agreement: (1) upon adverse reevaluation of the Borrower's credit worthiness; (2) upon failure of the Borrower to satisfy the terms of the agreement or (3) at the option of the Borrower or of NFCU with good cause. NFCU the right of assignment of this agreement. (d) NFCU may terminate this agreement, or restrict access to the NAVchek Overdraft Protection/Line of Credit without prior notice upon default when expressly agreed to by the Borrower, or at any time upon forwarding written notice of such termination or restriction to the Borrower at the address shown on the credit union's records. Termination or restriction shall not affect the Borrower's obligation to pay the loan balance outstanding or any of the other rights provided for herein. (e) An up-to-date loan application may be required periodically to verify credit information.

8. Borrowers authorize NFCU without notice or demand and without affecting their liability hereunder, from time to time to release or substitute any one or more of the joint owners.

9. I (We) acknowledge receipt of a duplicate of this agreement. NFCU certifies that the provisions of Regulation Z, which implements Public Law 90-321(Truth-in-Lending Act), as amended, applicable Federal and State laws and regulations and the Standards of Fairness promulgated by SecNav instructions have been applied to this loan. This agreement contains full disclosure of the terms of this obligation (see reverse side). This contract is made under and pursuant to the laws of the State of Virginia.

10. **Cosigner—** If I sign this agreement as cosigner, I am signing as an accommodation party as defined under VA Code 8.3A-419 and am maker to be jointly and severally liable on all amounts owed under this agreement with any other party to this loan. In addition, I confirm that I have read and fully understand the provisions of the attached Notice to cosigner as required by Federal Regulation.

NFCU reports the status of loans and credit information to appropriate credit reporting agencies, pursuant to Federal Regulations.
**If this is your first NAVchek Overdraft Protection/Line of Credit, once your signed Agreement and Disclosure is received by Navy Federal, your Line of Credit will be activated. If this is an increase to an existing NAVchek Overdraft Protection/Line of Credit, your new limit is available immediately.**







**NOTICE:** See other side for important information your right to dispute billing errors.

NFCU 123L (7-07)

Page 4 of 5



**NAVY FEDERAL**
**Credit Union**

PO Box 3000 • Merrifield, VA • 22119-3000
navyfederal.org

Statement Period
10/23/24 - 11/22/24

Access ~~Number~~ ~~9272~~

### Statement of Account

## Savings

### Membership Savings ~~~~
Joint Owner(s): ~~~~

| Date | Transaction Detail | Amount($) | Balance($) |
|------|--------------------|-----------|-----------|
| 10-23 | Beginning Balance | | 5.00 |
| | No Transactions This Period | | |
| **11-22** | **Ending Balance** | | **5.00** |

### Money Market Savings ~~~~84
Joint Owner(s): ~~~~

| Date | Transaction Detail | Amount($) | Balance($) |
|------|--------------------|-----------|-----------|
| 10-23 | Beginning Balance | | 0.00 |
| | No Transactions This Period | | |
| **11-22** | **Ending Balance** | | **0.00** |

| Fee(s) | Total this period | Total year-to-date* |
|--------|-------------------|---------------------|
| Total Returned Item Fee(s) | $0.00 | $29.00 |

*As of the first statement period that begins in January of each year.

### CHANGE OF ADDRESS
PLEASE PRINT. USE BLUE OR BLACK BALL POINT PEN.

| RANK/RATE | NAME (FIRST | MI | LAST) | ACCOUNT NUMBERS AFFECTED |
|-----------|-------------|-----|-------|--------------------------|
| ADDRESS (NO. STREET) | | | | |
| CITY | | STATE | ZIP CODE | |
| SIGNATURE OF NAVY FEDERAL MEMBER | | | | |
| EFFECTIVE DATE (MO., DAY, YR.) | | HOME TELEPHONE NUMBER | | DAYTIME TELEPHONE NUMBER |