**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Mary Shahadi,

          Plaintiff,

v.

Navy Federal Credit Union,

          Defendant.

No. CV-25-03363-PHX-SMB

**ORDER**

The Court now considers Plaintiff's Motion to Reopen Case and Leave to File Amended Complaint (Doc. 17).  The Court **denies** the Motion.

## I.  BACKGROUND

Plaintiff originally filed this suit seeking to proceed in forma pauperis.  Accordingly, the Court reviewed Plaintiff's Complaint (Doc. 1) to assess whether it complied with 28 U.S.C. § 1915(e)(2).  The Court determined that Plaintiff's Complaint failed to state a claim for relief and thus dismissed the Complaint with leave to amend.  (*See generally* Doc. 15.)  That Order was docketed on October 9, 2025 and it gave Plaintiff thirty days to file a First Amended Complaint.  (*Id.* at 10.)  Plaintiff failed to comply with this deadline and the case was dismissed.

On November 20, 2025, Plaintiff filed the present Motion.  Plaintiff avers that she "fully intended to comply with the Court's deadline and has been diligently preparing an amended complaint addressing all deficiencies identified by the Court."  (Doc. 17 at 1.) However, Plaintiff "was unable to meet the Court's deadline due to unexpected

emergencies outside of her control." (*Id.*) Plaintiff claims that she was a robbed on November 19, 2025. (*Id.*) However, in an attached Declaration, Plaintiff contends that she "was the victim of a theft/fraud incident involving a rental vehicle arrangement" "[o]n or about November 8–10." (*Id.* at 3.) Plaintiff attaches an email purporting to corroborate the fact that she "immediately reported the theft to the Phoenix Police Department." (*Id.*) The attached email does not include a date. To be clear, Plaintiff does not refer to two discrete events as she cites to the same email as corroborating both the November 19 and the November 8–10 events.

## II.    FAILURE TO MEET DEADLINE

Under Rule 60(b) of the Federal Rules of Civil Procedure, courts may "relieve a party . . . from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." "Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." *Arzamendi v. Wells Fargo Bank, N.A.*, No. 1:17-CV-01485-LJO-SKO, 2018 WL 6025599, at *1(E.D. Cal. Nov. 16, 2018).

The Court is unable to discern why Plaintiff failed to meet this Court's filing deadline. Plaintiff had thirty days from October 9, 2025 to file an Amended Complaint. Thus, Plaintiff had until November 9 to file an Amended Complaint. Plaintiff claims she was unable to meet this deadline due to an alleged November 19 robbery—ten days after the filing deadline. (Doc. 17 at 1.) Confusingly, Plaintiff's Declaration then claims the robbery took place sometime between November 8–10. (*Id.* at 3.) This presents multiple issues. First, these dates conflict with the date given in the Motion. Second, it is unclear why Plaintiff is only able to provide a three-day range as to when the alleged robbery took place. Third, one of the days in this three-day range falls outside of the filing deadline. And fourth, Plaintiff attaches an email corroborating the robbery that includes neither a date nor any substance regarding the underlying event.

Although Rule 60 is applied generously, "it is axiomatic that pro se litigants,

whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Here, Plaintiff failed to abide by an unambiguous procedural requirement and offers an ambiguous, conflicting, and functionally uncorroborated explanation as to why she failed to meet this deadline.

## III.   FAILURE TO STATE A CLAIM

Nonetheless, Plaintiff's proposed Amended Complaint ("PAC") fails to otherwise correct the defects identified in this Court's previous order. Again, the Court previously dismissed the Complaint under Rule 8, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557. The PAC fails to abide by this standard.

The PAC concerns two accounts Plaintiff held with Navy Federal Credit Union ("NCFU") that were "disputed, mishandled, and inaccurately reported." (Doc. 19 at 2.) NCFU is alleged to be a "a furnisher of information to consumer reporting agencies." (*Id.* at 1.) At a general level, the PAC is too broad to satisfy Rule 8. Plaintiff brings a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a)(1). (*Id.* at 3.) This claim fails because 15 U.S.C. § 1681s-2(a)(1) does not create a private right of action. *See Kar v. Lincoln Auto. Fin. Servs.*, No. CV 24-05538-KS, 2024 WL 5274620, at *5 (C.D. Cal. Nov. 15, 2024).

Plaintiff also brings a claim under § 1681-2(b)(1). (Doc. 19 at 3.) "To state a claim

under § 1681s-2(b)(1), the plaintiff must show that the information in the [credit] report is incomplete or inaccurate, meaning that it is patently incorrect, or because it is misleading in such as way and to such an extent that it can be expected to adversely affect credit decisions." *Kar*, 2024 WL 5274620, at *6 (citation modified). "The plaintiff must also show (1) the furnisher of information received notice of the dispute from a credit reporting agency; (2) it failed to perform a reasonable investigation upon receiving such notice; (3) the failure to investigate was willful or negligent; and (4) plaintiff was harmed." *Id.* (citation modified). The PAC only alleges that "Plaintiff submitted disputes to Experian, Equifax, and TransUnion" which "notified NFCU of the disputes." (Doc. 19 at 2.) "NFCU 'verified' the disputed information without providing documentation, validating the debt, or correcting known inaccuracies" and otherwise "failed to conduct a reasonable investigation." (*Id.*) Of course, the PAC merely restates the elements of a § 1681-2(b)(1) claim without any factual enhancement. And as was the case previously, Plaintiff fails to identify specific inaccuracies on her credit report. (*See* Doc. 15 at 5.) The PAC discusses the so-called "disputed information" in the most general possible terms and otherwise fails to identify when and how these disputes were submitted to the credit reporting agencies. *See Kar*, 2024 WL 5274620, at *6.

Finally, Plaintiff brings a claim under § 1681b. (Doc. 19 at 2.) "[T]he FCRA generally prohibits obtaining a credit report, 15 U.S.C. § 1681b(f), but then provides a numerous and diverse list of exceptions." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480. 495 (9th Cir. 2019). Plaintiff alleges that NFCU, without authorization, "obtained Plaintiff's consumer report through a hard inquiry" "[a]fter closing or charging off the accounts." (*Id.*) Plaintiff makes no further allegations substantiating this claim. Thus, the PAC is too conclusory to plausibly state a claim for relief.

…

…

…

…

- 4 -

IV.   **CONCLUSION**

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion to Reopen Case and Leave to File Amended Complaint (Doc. 17).

Dated this 11th day of June, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge